DAVID J. MILLSTEIN, ESQ. (CSB #87878)
GERALD S. RICHELSON, ESQ. (CSB #267705)
KEVIN D. CARDONA, ESQ. (CSB #314033)
MILLSTEIN FELLNER LLP
100 The Embarcadero, Penthouse
San Francisco, CA 94105
Telephone: (415) 348-0348
Facsimile:  (415) 348-0336
dmillstein@millsteinfellner.com
grichelson@millsteinfellner.com
kcardona@millsteinfellner.com

**Attorneys for Plaintiff:**
AMERICAN ACADEMY OF
EMERGENCY MEDICINE PHYSICIAN
GROUP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| AMERICAN ACADEMY OF EMERGENCY MEDICINE PHYSICIAN GROUP, INC., a Wisconsin Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENVISION HEALTHCARE CORPORATION; A DELAWARE CORPORATION; ENVISION PHYSICIAN SERVICES L.L.C.;  a Delaware Limited Liability Corporation doing business in California and DOES 1-100,<br><br>Defendants. | Case No.: 3:22-cv-00421-ADT<br><br>**OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF NOTICE OF REMOVAL** |

## I. INTRODUCTION.

Defendants continue the trend among commercial litigators of over designating records to seal. In the present instance they seek to seal the entirety of two commercial contracts. Plaintiffs motion to seal does not identify which if any terms of the contracts other than those identifying Envisions finances and pricing would cause it harm. Given as much, a clearly less restrictive means of presenting the evidence than the sealing of the entire contract exists. Defendants may instead simply redact the pricing figures in the contracts. Plaintiffs and third-party competitors will be unable to gain any pricing advantage in future contract negotiations without knowledge of the prices charged by Defendants and their related companies. The contracts at issue purport to be for Hospital Staffing and for Management Services. Because other than the pricing information Defendants do not identify a formula, pattern, device, or compilation of information contained in either Exhibit A or B nor how those other terms give them a competitive advantage, they have not established that those portions of Exhibits A and B are entitled to trade secret protections. Accordingly, Defendants cannot hide these arrangements from public scrutiny. Plaintiffs request Defendants administrative motion to seal be denied on these grounds.

## II. LEGAL STANDARD FOR MOTION TO SEAL.

"In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion." *CZ Servs. v. Express Scripts Holding Co.* (N.D. Cal. Aug. 5, 2020, No. 3:18-cv-04217-JD) 2020 U.S. Dist. LEXIS 141025, at *2.

Local Rule 79-5 requires among other things that a motion to seal include an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ.

OPPOSITION TO DEFENDANTS'
ADMINISTRATIVE MOTION TO FILE UNDER
SEAL DOCUMENTS IN SUPPORT OF NOTICE OF
REMOVAL - 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
CASE NO. 4:22-cv-00421-ADT

L.R. 79-5(c)(1). The version of this Local Rule that the Defendants' cited in their administrative motion was superseded by a November 1, 2021 amendment.

"The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed. (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); Fed. R. Civ. P. 26(c).) Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning will not suffice. (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).)" *GPNE Corp. v. Apple Inc.*, No. 12-CV-02885-LHK, 2015 U.S. Dist. LEXIS 92773, at *6 (N.D. Cal. July 16, 2015).

"A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (internal quotations and citations omitted.) "The subject matter of a trade secret must be secret. Matters of public knowledge or of general knowledge in an industry cannot be appropriated by one as his secret. However, the interest protected by this branch of the law is not secrecy as such. The protection is merely against breach of faith and reprehensible means of learning another's secret. Accordingly, a substantial element of secrecy must exist, so that, except by the use of improper means, there would be difficulty in acquiring the information." *Id.*

This Court has denied motions to seal documents that were supported only by conclusory assertions that the documents contained "commercially sensitive information" or gave competitors "an unfair advantage" without a particularized showing of how a competitor would use each of the bits of sealable information to an unfair advantage. *E.g. Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 U.S. Dist. LEXIS 188735 (N.D. Cal. Apr. 13, 2015); *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 U.S. Dist. LEXIS 177058 (N.D. Cal. Dec. 12,

OPPOSITION TO DEFENDANTS'
ADMINISTRATIVE MOTION TO FILE UNDER
SEAL DOCUMENTS IN SUPPORT OF NOTICE OF
REMOVAL - 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
CASE NO. 4:22-cv-00421-ADT

2012); *CZ Servs. v. Express Scripts Holding Co.* (N.D. Cal. Aug. 5, 2020, No. 3:18-cv-04217-JD) 2020 U.S. Dist. LEXIS 141025, *supra*.

### III. ARGUMENT.

Plaintiffs motion to seal is devoid of any support for sealing the contents of Exhibits A and B, except regarding the specific pricing information contained in. Plaintiffs have not made any showing of good cause for the sealing of the non-price related terms of the two contracts. Not only is a showing of good cause required, but ***a particularized showing of good cause*** is as well. *CZ Servs. v. Express Scripts Holding Co.* (N.D. Cal. Aug. 5, 2020, No. 3:18-cv-04217-JD) 2020 U.S. Dist. LEXIS 141025, at *2. Because plaintiffs showing of good cause amounts to "broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" they cannot possibly be sufficient to support and order sealing them. (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).)" *GPNE Corp. v. Apple Inc.*, No. 12-CV-02885-LHK, 2015 U.S. Dist. LEXIS 92773, at *6 (N.D. Cal. July 16, 2015). Plaintiffs have not identified any specific examples of harm that would befall them if the non-price terms of either contract were to become public. As such, their motion must fail.

Defendants' assertion that the non-price terms of Exhibits A and B constitute trade secrets is conclusory. The contracts are for physician staffing and for management services. Plaintiffs identify nothing other than pricing as anything other than matters of general knowledge in the industry in either agreement. *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). Defendants merely assert that the non-price related portions of the documents contain commercially sensitive information that would provide competitors with an unfair advantage. Defendants do not identify how a competitor would use any of the non-price related terms of the contract to gain a competitive advantage. As shown above in similar instances this court has routinely denied motions to seal.

Finally, Defendants' have provided no reasoning why redacting the pricing figures in Exhibit A and B is insufficient in the present circumstances. There would be little burden on

Defendants to redact a handful of dollar figures from the two contracts in order to protect their future bargaining positions from being undercut by competitors.  Given the above Defendants have not met their burden to meet any of the three elements of Civ. L.R. 79-5(c)(1) as it pertains to the non-pricing terms of Exhibits A and B.

## IV.   CONCLUSION.

Because Defendants have not shown that any term other than the price numbers are entitled to trade protection, have identified no particularized harm arising from their disclosure, Redacting the pricing terms within those contracts presents a less restrictive means of presenting that evidence than sealing the entirety of the contracts,  Defendants' motion to seal must be denied.

Date:   January 25, 2022                                         MILLSTEIN FELLNER LLP


                                                                    By:___*/s/ David J. Millstein*_____
                                                                         David J. Millstein, Esq.
                                                                         Gerald S. Richelson, Esq.
                                                                         Kevin D. Cardona, Esq.

                                                                         Attorneys for PLAINTIFF
                                                                         AMERICAN ACADEMY OF
                                                                         EMERGENCY MEDICINE PHYSICIAN
                                                                         GROUP, INC.

OPPOSITION TO DEFENDANTS'
ADMINISTRATIVE MOTION TO FILE UNDER
SEAL DOCUMENTS IN SUPPORT OF NOTICE OF
REMOVAL - 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
CASE NO. 4:22-cv-00421-ADT