Alicia F. Wagnon (SBN #152220)
Joseph M. Cachuela (SBN #285081)
Lance M. Martin (SBN #294457)
CALIFORNIA MEDICAL ASSOCIATION
CENTER FOR LEGAL AFFAIRS
1201 K Street, Suite 800
Sacramento, California 95814-3933
Telephone: (916) 444-5532
awagnon@cmadocs.org
jcachuela@cmadocs.org
lmartin@cmadocs.org

Attorney for Amicus Curiae
CALIFORNIA MEDICAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN ACADEMY OF EMERGENCY MEDICINE PHYSICIAN GROUP, INC., a Wisconsin Corporation,<br><br>Plaintiff,<br><br>vs,<br><br>ENVISION HEALTHCARE CORPORATION; a Delaware Corporation; ENVISION PHYSICIAN SERVICES LLC; a Delaware Limited Liability Corporation doing business in California,<br><br>Defendants. | Case No. 22-cv-421-CRB<br><br>**MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY CALIFORNIA MEDICAL ASSOCIATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**<br><br>**(filed pursuant to Civ. L.R. 7-11)**<br><br>Date:         April 28, 2022<br>Time:        10:00 am<br>Courtroom:  6, 17th Floor<br>Judge:       Hon. Charles R. Breyer |

By this motion pursuant to Civil Local Rule 7-11,[1] the California Medical Association ("CMA") respectfully requests leave of court to file an amicus curiae brief in the above-captioned action in support of Plaintiff American Academy of Emergency Medicine Physician Group, Inc.'s ("AAEMPG") Opposition to the Motion to Dismiss the First Amended Complaint, filed by the Defendants Envision Healthcare Corporation and Envision Physician Services LLC (collectively, "Envision"). Counsel for the parties in this action have been notified of this motion. Counsel for AAEMPG consents to this motion, and counsel for Envision neither consents nor opposes this motion. *See* Declaration of Lance M. Martin ¶¶ 2, 3, attached hereto.

## INTERESTS OF THE PROPOSED AMICUS CURIAE

CMA is a non-profit, incorporated professional physician association of approximately 50,000 members, most of whom practice medicine in all modes and specialties throughout California. CMA's primary purposes are "to promote the science and art of medicine, the care and well-being of patients, the protection of public health, and the betterment of the medical profession." CMA and its members share the objective of promoting high quality, safe, and cost-effective health care for the people of California.

For many decades, CMA has been the leading voice advocating for robust enforcement of the century-old California law prohibiting the corporate practice of medicine ("CPOM"). CMA's advocacy springs naturally from its role as the voice of California's House of Medicine – organized physicians speaking on the impact on public health, patients, and the practice medicine by certain laws, government regulations, industry practices, and policies. CMA regularly is involved in legislation that would bolster, undercut, eliminate, or create exceptions to CPOM. CMA also regularly files friend-of-the-court briefs in federal and state courts on issues impacting the practice of medicine, including in cases, like this one, involving interpretations and applications of CPOM.

The issues raised by Envision's Motion to Dismiss directly bear upon the interests and work

---

[1] There are no rules that govern the filing of amicus curiae briefs in the district courts. Accordingly, CMA makes this motion pursuant to Civil Local Rule 7-11, which applies in situations "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge."

of CMA on behalf of its physician members and constituents.

## HOW CMA CAN ASSIST THE COURT

There is no rule governing the appearance of an amicus curiae in the district courts. Nevertheless, "[d]istrict courts have inherent authority to appoint or deny amici" as derived from Federal Rule of Appellate Procedure ("FRAP") 29. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal quotations omitted). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted). Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely and useful or otherwise necessary to the administration of justice." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).

While the Federal Rules of Appellate Procedure do not apply in this Court, the proposed amicus brief does conform to the page limitation and was timely submitted under the requirements of FRAP 29. That is, CMA's proposed amicus brief would be filed "7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). Here, CMA's proposed amicus brief is filed in support of AAEMPG's brief opposing Envision's Motion to Dismiss, which was filed on March 18, 2022. (*See* ECF #28)

Based on CMA's review of the public, redacted versions of the First Amended Complaint and the briefs surrounding Envision's Motion to Dismiss, CMA believes it offers a perspective that can help the Court to understand the history, purposes, and current applications of CPOM. These are issues squarely germane to Envision's motion, in which it contends a violation of CPOM involving a medical corporation must necessarily require that a California-licensed physician owned the corporation. (Envision's Motion to Dismiss at 3:13-14, 3:19-20) To realize why such an argument myopically distorts CPOM, it will be helpful to understand the breadth and scope of

CPOM.

## CONCLUSION

For the foregoing reasons, CMA respectfully urges the Court to GRANT its motion for leave to file its amicus curiae brief and thereupon order that the proposed amicus curiae brief filed concurrently herewith be filed in this action.

Respectfully submitted,

Dated: March 25, 2022

CALIFORNIA MEDICAL ASSOCIATION
Center for Legal Affairs

By: _/s/ Lance M. Martin_

Lance M. Martin
Attorney for Amicus Curiae
CALIFORNIA MEDICAL ASSOCIATION

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on March 25, 2022. I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 25th day of March, 2022.

/s/ Lance M. Martin
Lance M. Martin